# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JULIO ALEJANDRO BERNABE S.M.,[1]
(A Number: 249-233-884)

Petitioner,

v.

WARDEN, *California City Immigration Processing Center*,

Respondent.

Case No. 1:26-cv-05838-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DENY PETITION**

(Doc. 1)

FOURTEEN-DAY DEALINE

Julio Alejandro Bernabe S.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I. FACTUAL BACKGROUND

Petitioner is a citizen and national of Guatemala. (Doc. 11-6 at 41).

On March 19, 2026, Petitioner filed his first habeas petition, which was granted and the government was ordered to provide Petitioner with a substantive bond hearing. *See* 1:26-cv-02165-JLT-EGC (E.D. Cal. May 12, 2026) (Doc. 16).

On May 26, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1). The immigration judge ("IJ") denied Petitioner's request for custody redetermination finding the Department of Homeland Security carried its burden to establish by clear and convincing evidence that Petitioner is a significant flight risk. (Doc. 11-4 at 1).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Petitioner then filed a second habeas petition, which is now before the Court, challenging his detention as being unconstitutionally prolonged. (Doc. 1). Petitioner seeks immediate release. (Doc. 1 at 28).

On September 24, 2026, Respondent filed a response to the petition. (Doc. 11). On October 28, 2026, Petitioner filed a reply. (Doc. 12).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following his arrest and detention. Petitioner in his initial petition contended that he was being detained without an individualized custody determination. Petitioner has since been provided with such hearing before an IJ. Respondent argues the petition should be dismissed or denied, because Petitioner has already received the process he is due and that Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals ("the Board"), that Petitioner must first exhaust. (Doc. 11).

Petitioner argues his continued detention violates his due process rights. (Doc. 12 at 2).

Because Petitioner does not challenge the outcome of his bond hearing, the undersigned need not address the issue of exhaustion.

Having determined that 1226(a) informs the nature of Petitioner's detention, the undersigned evaluates whether Petitioner's procedural due process rights have been violated. As held in analogous cases by various district courts, "Petitioner fails to establish a due process right

to a pre-deprivation hearing before their detention and fails to establish that their arrest exceeded the government's statutory authority under § 1226(a)." *Okoth v. Kaiser*, No. EDCV 26-2353-AS, 2026 WL 45199, at *2 (C.D. Cal. Jan. 7, 2026); *see also*, *e.g.*, *Kafle v. Wofford*, No. 1:26-CV-01663-KES-HBK (HC), 2026 WL 2255203, at *3 (E.D. Cal. Aug. 5, 2026); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025) ("the statutory protections of § 1226(a) require only a prompt post-deprivation hearing"); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("[The] Section 1226 framework typically provides for a post-detention, rather than pre-deprivation, bond hearings. If Section 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society.").

The record shows Petitioner was detained on January 23, 2026, and removal proceedings were initiated. (Doc. 1 at 9). Pursuant to section 1226(a), Petitioner received a bond hearing on May 26, 2026, at which the IJ denied bond because Petitioner was a flight risk. (Doc. 11-4 at 1). Thus, Petitioner received due process under section 1226(a). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Zakharenkova v. Mullin*, 2026 WL 1454524, at *3–4 (C.D. Cal. May 19, 2026) (finding detainee held under section 1226(a) was not entitled to a pre-detention hearing because she was not re-detained after previous release on an order of supervision); *Toktosunov v. Wamsley*, No. 2:25-cv-1724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) ("under § 1226(a)'s discretionary detention regime, a bond hearing is required before the government may detain [a noncitizen] for a 'prolonged' period") (citation omitted); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882–83 (S.D. Cal. 2022) ("The Court finds, consistent with other post-Jennings cases, that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release."); *Kumar v. Hermosillo*, No. 2:26-cv-00389-JNW, 2026 WL 523276, at *4 (W.D. Wash. Feb. 25, 2026) (declining to order immediate release and collecting cases "holding that '[t]here is no authority' to support a claim that a petitioner 'is entitled to an order of release'") (citations omitted).

Accordingly, the undersigned recommends that the Court deny Petitioner's petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 4, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE