**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JULIO ALEHANDRO BERNABE SAGASTUME MCINTOSCH,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-05838 JLT EGC (HC)

A-Number: 249-233-884

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 13)

Julio Alejandro Bernabe Sagastume Mcintosch is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging "his continued civil immigration detention following the denial of bond on May 26, 2026." (Doc. 1 at 2.) Petitioner seeks his immediate release from detention. (*Id.* at 7.) Respondents assert that Petitioner is not entitled to release and is lawfully detained following the denial of bond. (*See* Doc. 11 at 2-3.)

The magistrate judge noted it is undisputed that "Petitioner is currently detained under 8 U.S.C. § 1226(a)." (Doc. 12 at 2.) The magistrate judge observed that Petitioner brings his claim for relief under the Fifth Amendment's Due Process Clause and found that with the bond hearing, "Petitioner received due process under section 1226(a)." (*Id.* at 3.) To support this finding, the magistrate judge cited decisions in which the Court found the appropriate remedy for an alleged due process violation "is a bond hearing before an immigration judge rather than immediate

release." (*Id.* at 4, citing *e.g., Lopez v. Garland*, 631 F. Supp. 3d 870, 882–83 (S.D. Cal. 2022), *Kumar v. Hermosillo*, 2026 WL 523276, at *4 (W.D. Wash. Feb. 25, 2026) (declining to order immediate release and collecting cases "holding that 'there is no authority' to support a claim that a petitioner 'is entitled to an order of release'") [cleaned up].) Therefore, the magistrate judge recommended the Court deny the petition. (*Id.* at 4.)

Petitioner objects to the Findings and Recommendations. (Doc. 12.) He contends the bond hearing does not end the due process inquiry and that his "continued detention has become constitutionally prolonged…" (*Id.* at 1; *see also id.* at 1-3, 5-6.) He also asserts the magistrate judge erred by not addressing his "family, medical, and humanitarian facts," which Petitioner contends support his request for release. (*Id.* at 4.) Therefore, Petitioner requests the Court reject the recommendations of the magistrate judge. (*Id.* at 6-7.)

Importantly, the relevant period for the Court to evaluate whether Petitioner's detention has become "prolonged" for purposes of his due process claim is not the entire length of his detention, but rather the length of detention after he received a bond hearing. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (identifying the relevant period as the "months following [the] first bond hearing" when considering whether detention qualifies as prolonged). The Court cannot disregard the process received in the form of a bond hearing—as Petitioner suggests—to find that his detention is unreasonably prolonged. *See id.* Since the bond hearing, Petitioner has been detained approximately five months. This period does not rise to the level of "prolonged detention." *Gagiu v. ICE Field Off. Dir.*, 2026 WL 2291295, at *2 (W.D. Wash. Aug. 10, 2026) (finding a detention period of five months is "less than the presumptively reasonable period" for a petitioner detained under Section 1226(a)). As Petitioner would not be entitled to the lesser relief of a bond hearing, it necessarily follows that he is also not entitled to immediate release. Petitioner fails to show any legal or factual error in the analysis of the magistrate judge.

According to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire matter, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

///

Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated October 5, 2026 (Doc. 13) are **ADOPTED.**
2. The petition for writ of habeas corpus is **DENIED**.
3. The Clerk of Court is directed to terminate any pending matters as moot and close this case.

IT IS SO ORDERED.

Dated: _October 26, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE